477 P.2d 101

Arlo Robert JONES, Petitioner-Appellant,

v.

STATE of Idaho, Defendant-Respondent.

No. 10342.

Supreme Court of Idaho.

Nov. 18, 1970.

Lloyd J. Walker, Twin Falls, for petitioner-appellant.

Robert M. Robson, Atty. Gen., Dwight V. Board, Asst. Atty. Gen., Boise, for defendant-respondent.

DONALDSON, Justice.

This is an appeal from the district court's denial of Arlo Robert Earl Jones' application for post conviction relief. The facts and circumstances pertinent to this appeal are as follows. In 1966, Arlo Robert Earl Jones was convicted of the crime of First Degree Burglary on a plea of guilty and sentenced to the Idaho State Penitentiary for a term of not more than 15 years. While in custody, on April 8, 1968, Jones (petitioner-appellant) filed an application for post conviction relief (the denial of which by judgment, after a full evidentiary hearing, is the subject of this appeal) requesting the following:

(1) that the sentence entered in 1966, be vacated and set aside;

(2) that his plea of guilty entered in February, 1966, be withdrawn and a plea of "not guilty" be substituted;

(3) that his case be remanded to the committing magistrate for the purpose of conducting a preliminary hearing and that counsel be appointed to represent the applicant (appellant herein) during all stages of the proceedings brought against him by the state on the charge of First Degree Burglary.

In his application, Jones claims that he is entitled to the requested relief because several of his constitutional rights were violated during the time period between his arrest and the time of the entry of his guilty plea and sentencing. A hearing was held in the district court with respect to each of the following claims:

(a) that Jones was arrested without a warrant;

(b) upon being taken to the Twin Falls Police Station, Jones (petitioner-appellant) requested that he be able to see an attorney several times but was not allowed to do so;

(c) when appearing before the committing magistrate (on February 1, 1966), Jones requested that counsel be appointed for him and that a preliminary hearing be held. However, no attorney ever appeared to see him for the purpose of advising him as to his rights;

(d) that subsequent to his appearance, Jones was returned to jail and at about 2:30 that afternoon was taken to a "little office." While there, Jones claims that the police officers told him that if he pleaded

guilty a seventeen year old boy (arrested in conjunction with Jones) would be "turned loose." [1] Jones testified at the hearing on his application for post conviction relief that he was not told by the police officers that he didn't have to speak with them, nor was he advised that he was entitled to have his attorney present.[2]

After hearing the evidence presented by Jones in support of the aforementioned claims, the district court concluded that the

"* * * Applicant, Arlo Robert Earl Jones, should receive no relief from this Court * * *." [3]

Arlo Robert Earl Jones has appealed to this Court from the adverse determination of the district court and urges numerous errors in support of his appeal. However this Court deems it unnecessary to discuss each one of them individually since the essential questions presented by the case are:

(1) Did the petitioner-appellant voluntarily waive his right to counsel?

(2) Was the petitioner-appellant's plea of guilty coerced?

■ Dealing first with the issue of waiver of right to counsel, it is evident from the record that the appellant knew of

his right to be represented by counsel since he testified at the hearing that he "*demanded*" that an attorney be appointed for him. Furthermore, the testimony of the appellant indicates that he requested on several occasions that a lawyer be called. Thus the instant case does not present the issue of whether the appellant knew of his right to legal representation at a pretrial stage of the proceedings against him.[4] The issue presented is rather: whether the accused made a voluntary and intelligent waiver of his right to counsel.[5] It is undisputed that an accused may waive his right to counsel. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). However the waiver must be intelligent and made with understanding. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1953). Whether a waiver is intelligent and made with understanding depends on the facts and circumstances of the case.[6] This Court is not unmindful of the strong presumption against waiver of constitutionally guaranteed rights. See Pharris v. State, *supra;* Davis v. State, Okl.Cr., 368 P.2d 519 (1962); State v. Thurlow, 85 Idaho 96, 375 P.2d 996 (1962). The record in the case at bar, however, refutes the presumption that the

1. Testimony of Arlo Robert Earl Jones, the petitioner-appellant: "Yes I had to sign a statement to get the youngster turned loose."

2. These allegations and other testimony given in support thereof by Jones were contradicted by Officer Qualls of the Twin Falls Police Department.

3. Conclusion of Law IV made by the trial court.

4. The case of Pharris v. State, 91 Idaho 456, 424 P.2d 390 (1967) places particular emphasis on knowledge of the right to counsel as a prerequisite to a valid relinquishment or waiver of the right.

5. The requirements set forth by the United States Supreme Court in the case of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 1602 (1966) are not applicable to the instant case since they do not operate retroactively. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct.

1772, 16 L.Ed.2d 882 (1966). The proceedings which are the subject of this present appeal occurred in February, 1966, whereas Miranda v. Arizona, *supra*, was decided in June, 1966. In February of 1966, I.C. § 19-1512 governed, which provided for appointment of counsel at county expense at the time of arraignment in district court. This was subsequently amended in 1967 by I.C. § 19-853, which provides for appointment of counsel at county expense whenever a person is detained for a serious crime.

6. The background of the accused is a significant factor to consider in determining whether a waiver is intelligently made and whether it is made with understanding. United States v. Kniess, 264 F.2d 353 (7th Cir. 1959); Johnson v. Zerbst, *supra*. The education and experience of an individual are factors to consider in determining whether an intelligent waiver has been made. People v. Cox, 12 Ill.2d 265, 146 N.E.2d 19 (1957).

appellant did not intelligently waive his right to counsel since it shows:

(a) he knew of the right by his own testimony;

(b) that he waived his right to counsel on four separate occasions.[7]

Thus Jones (both by his conduct in responding to police inquiries and on four other occasions), in the opinion of this Court, waived his right to counsel intelligently and with an understanding of its import. See State v. Lopez, 80 N.M. 130, 452 P.2d 199 (1969).

■ Turning now to the second principal issue raised by the appeal, viz., whether or not Jones' plea of guilty was coerced, we find that although the evidence is conflicting on this point,[8] the trial court found,

"That at no time was Applicant [Jones] threatened in any manner or promised a lighter sentence upon his cooperation and admission of guilt, and at no time was he offered any bargain for the release of any person implicated in the aforementioned burglary in return for his confession and plea of guilty." [9]

The Supreme Court on appeal in habeas corpus cases (or post conviction proceedings) may not substitute its factual conclusions for those of the trial court when those findings of fact are based on substantial evidence. In re Davis v. Rhay, 68 Wash.2d 496, 413 P.2d 654 (1966); Smith v. State, 87 Idaho 163, 391 P.2d 849 (1964).

In response to Jones' contention that he was arrested without a warrant, this Court has held:

" * * * Idaho has consistently held that unlawful arrest cannot be successfully raised by habeas corpus, because once the court obtained jurisdiction, it is immaterial how it was obtained. Burge v. State, 90 Idaho 473, 413 P.2d 451; In re Moyer, 12 Idaho 250, 85 P. 897, 12 L.R.A.,N.S., 227, aff'd 203 U.S. 221, 27 S.Ct. 121, 51 L.Ed. 160." Walker v. State, 92 Idaho 517 at 519, 446 P.2d 886 at 888 (1968). See also, State v. Segovia, 93 Idaho 594, 468 P.2d 660 (1970).

Judgment affirmed.

McFADDEN, C. J., and McQUADE, SHEPARD and SPEAR, JJ., concur.

---

7. Although first requesting an attorney (upon his arrest and then in the presence of the committing magistrate) Jones waived his right to an attorney on the following occasions:

1. At the time Officer Qualls read to him from a card which substantially contained the warnings which later were required by *Miranda*.

2. Upon writing his voluntary statement, which was prefaced by a written waiver of counsel.

3. Upon his appearance before the magistrate. This was either prior or subsequent to his signing of the statement, the record is not clear on this point.

4. Upon his appearance in district court on February 4, 1966.

8. It is Jones' (petitioner-appellant's) position that he was induced by the police to sign a statement and plead guilty. Jones claims that he signed the statement to get

a 17 year old boy (arrested in conjunction with Jones) turned free and because Jones was under the impression that he would receive a sentence of only 11 months. The record, however, reveals that there were two signed statements against Jones in addition to burglar tools which were shown to Jones at this time. The police have a right to disclose evidence to an accused which, in their opinion, points to his guilt, People v. Weinstein, Ill., 263 N.E. 62 (1970). These two statements may have been the motivating force which caused Jones to change his plea. But in any case, there is evidence indicating that no such statements (17 year old would be turned loose and Jones would receive only an 11 month sentence) were made by the police to Jones.

9. Finding of Fact VII made by the trial court.