477 P.2d 495

The STATE of Idaho, Plaintiff-Respondent,

v.

Ronald HINKLEY, Defendant-Appellant.

No. 10625.

Supreme Court of Idaho.

Dec. 2, 1970.

Michael C. Moore, Lewiston, for defendant-appellant.

Robert M. Robson, Atty. Gen., Martin R. Ward, Asst. Atty. Gen., Boise, Roy E. Mosman, Lewiston, for plaintiff-respondent.

DONALDSON, Justice.

This is an appeal from a judgment of the district court denying Ronald C. Hinkley's application for post conviction relief. Hinkley has appealed to this Court contending essentially that he is entitled to the relief requested since his plea of "guilty" was coerced.

The pertinent facts surrounding the appeal are as follows.

On December 16, 1968, Ronald C. Hinkley (petitioner-appellant) was charged with the crimes of unlawful sale of drugs[1] and un-

---

1. "[I.C.] 37-3302. *Prohibited acts.*—The following acts are hereby prohibited:

(a) The manufacture, compounding or processing of a drug in violation of section 37-3309.

(b) The sale, delivery or other disposition of a drug in violation of section 37-3309.

(c) The possession of a drug in violation of section 37-3310.

(d) Obtaining a drug in violation of section 37-3311.

(e) The failure to prepare or obtain, or the failure to keep, a complete and accurate record with respect to any drug required by section 37-3312.

lawful possession of a narcotic.[2] A preliminary hearing was held on January 20, 1969, at which time Hinkley was represented by court appointed counsel. On March 5, 1969, Hinkley was arraigned and in the presence of his attorney entered a plea of "guilty" to the charge of unlawful possession of marijuana. A deposition taken of Owen L. Knowlton, Hinkley's attorney, reveals that the attorney asked the prosecutor the consequences of his client's pleading guilty to one of the two charges pending against him.[3]

> "The prosecutor said if he [Hinkley] pleaded guilty in there [sic] he would— the others would not be prosecuted."

The record furthermore indicates that Hinkley's attorney discussed the effect of pleading guilty with him and the attorney also told Hinkley that he had a perfect right to defend all the charges pending against him before a jury. Upon accepting Hinkley's plea of guilty at arraignment, the judge questioned him extensively with respect to the voluntariness of his plea. Subsequent to a hearing in mitigation of sentence, Hinkley received a five year term in the Idaho State Penitentiary.

On June 6, 1969, Hinkley filed a petition for post conviction relief claiming that:

(1) his plea of guilty was entered involuntarily since he believed that certain damaging and illegally obtained evidence would be admitted against him at trial;

(2) that his plea of guilty was involuntary since he was advised by counsel that if he pleaded "guilty" to the charge he would be placed on probation rather than being imprisoned;

(3) he did not appeal because he could not afford counsel and was not advised that counsel could be appointed for him.

On December 9, 1969, subsequent to a hearing in district court, Judge Maynard concluded,

> "* * * that petitioner was informed of all his legal rights, including the possible exclusion of evidence and his right to appeal and right to appointed counsel upon appeal. It is further concluded that petitioner knew and understood such rights.
>
> IT IS FURTHER CONCLUDED that petitioner was never promised or told that he would be placed upon probation if he pleaded guilty.
>
> IT IS FURTHER CONCLUDED that petitioner freely, voluntarily and knowingly pleaded guilty after being completely, fairly, objectively and effectively advised of all of his rights, remedies and defenses by his counsel and by the court."[4]

■■■■ Hinkley has appealed to this Court from the judgment of the district court denying his petition for post conviction relief and primarily urges that the lower court erred by finding that Hinkley freely, voluntarily and knowingly entered a plea of

---

(f) The refusal to permit access to or copying of any record as required by section 37-3312.

(g) The refusal to permit entry or inspection as authorized by section 37-3312.

(h) The filling or refilling of any prescription in violation of section 37-3313.

(i) Making, selling, disposing of or keeping in possession, control, custody or concealing any punch, die, plate, stone or other thing designed to print, imprint or reproduce the trademark, trade name or other identifying mark, imprint or device of another, or any likeness of any of the foregoing upon any drug or container or labeling thereof so as to render such drug a counterfeit drug.

(j) The doing of any act which causes a drug to be a counterfeit drug, or the sale or dispensing, or the holding for sale or dispensing, of a counterfeit drug."

2. "[I.C.] 37-3202. *Unlawful possession of narcotics—Penalty.*—Except as otherwise provided in this act, every person who possesses any narcotic except upon the written prescription of a physician, dentist, podiatrist, osteopath or veterinarian licensed to practice in this state, may be punished by imprisonment in the state prison for a term of not to exceed ten (10) years."

3. See Pulver v. State, 93 Idaho 687, 471 P.2d 74 (1970).

4. Opinion of the district court.

"guilty" since such finding, appellant maintains, is contrary to the weight of the evidence. The district court made its decision partly upon the deposition taken of Owen L. Knowlton, Hinkley's court appointed attorney who represented him at the early stages of the proceedings (preliminary hearing; arraignment), which revealed that attorney and client had discussed the effect of pleading "guilty," and that the client (Hinkley) was fully aware of the consequences of so doing. The record furthermore indicates that the appellant was questioned extensively by the judge (at the time he pled guilty) with respect to the voluntariness of the plea and its attendant consequences. The answers of appellant indicate that he is a bright and alert young man who knowingly and intelligently entered his plea of guilty. Thus Hinkley's primary contention urged in support of this appeal is without merit and the district court was correct in its determination. In conjunction with his primary assignment of error, Hinkley maintains that the district court should have allowed him to withdraw his plea of "guilty" and substitute therefor a plea of "not guilty." However, the withdrawal of a plea of "guilty" is conditioned upon the requirement that the original plea of "guilty" not be made freely and voluntarily.[5] Since the Court has heretofore discussed the issue of voluntariness at length, and determined that Hinkley's plea was entered voluntarily, it is meaningless to discuss the withdrawal issue.

 Hinkley also contends that he is entitled to relief since he claims the district judge failed to advise him of his right to appeal. The record, however, discloses that Hinkley knew of his right to appeal.[6] Furthermore, since there is substantial and competent evidence supporting the trial court's determination, it will not be disturbed on appeal. Jones v. State, 93 Idaho 859, 477 P.2d 101 (1970); In re Davis v. Rhay, 68 Wash.2d 496, 413 P.2d 654 (1966); Smith v. State, 87 Idaho 163, 391 P.2d 849 (1964).

The appellant's first claim alleged in his petition for post conviction relief [7] is not supported by any facts, nor is the point even argued on appeal. The Court therefore deems the claim to be without merit.

Judgment affirmed.

McFADDEN, C. J., and McQUADE, SHEPARD, and SPEAR, JJ., concur.

---

5. See State v. Arnold, 39 Idaho 589, 229 P. 748 (1924); State v. Peterson, 42 Idaho 785, 248 P. 12 (1926).

6. Deposition taken of Owen L. Knowlton, Hinkley's attorney.

"Q. * * * did you advise him that he had a right to appeal from it?
A. I said, yes * * *."

7. "(1) his plea of guilty was entered involuntarily since he believed that certain damaging and illegally obtained evidence would be admitted against him at trial."