**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles Melvin RIGGINS,
Defendant-Appellant.**

**No. 77–5020.**

United States Court of Appeals,
Fifth Circuit.

Dec. 1, 1977.

Rehearing and Rehearing En Banc
Denied Dec. 29, 1977.

Arturo C. Gonzalez, Del Rio, Tex., for defendant-appellant.

Charles Melvin Riggins, pro se.

Jamie C. Boyd, U.S. Atty., LeRoy Morgan John, Robert S. Bennett, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before WISDOM, GEWIN and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge:

Charles Melvin Riggins and Willie Dallas Graham were convicted after a jury trial, on a two-count indictment charging them with possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. § 846. Graham unsuccessfully appealed his conviction to this court. *See United States v. Graham*, 5 Cir., 1975, 521 F.2d 812 (no published opinion). The Supreme Court subsequently granted certiorari, and the Solicitor General then confessed error in the trial court's failure to give the jury an instruction for the lesser included offense of simple possession. Following the remand of Graham's case, Riggins also petitioned for certiorari and obtained a new trial.

Because Graham died in the interim, the second jury was concerned only with the charges against the defendant Riggins. On substantially the same evidence which was received in the first trial, Riggins was again found guilty and was sentenced to two consecutive ten-year terms followed by six years of special parole. The only issue on this appeal is the sufficiency of the evidence to support the conviction.

According to Graham's testimony given at the first trial, which was read into the record at the second trial, Riggins and Graham, both residents of Houston, made the lengthy trip to Eagle Pass, Texas, for the purpose of attending some Mexican nightclubs. The trip was made in a car, which was rented in the name of Riggins' wife. The rental agreement listed Riggins but not Graham as an authorized driver of the car. While in Eagle Pass, the two men stayed in room 22 of the Hillcrest Motel, a small room with two beds and a bath. Drug Enforcement Administration (DEA) Agent Anderson ordered surveillance of this room in response to an informant's tip that a heroin transaction was to occur there.

At about 12:15 p. m. on July 24, 1974, the DEA agents observed Riggins leave the motel room, place a phone call and then enter the room again. The next sign of activity was the arrival of a Mexican taxi with two males at approximately 12:50. The passenger of the cab entered the defendant's room and emerged roughly ten minutes later. At 2 p. m. Riggins and Graham were observed going to the vending machines at the motel. Following their return to the room, no further activity occurred until 4:30 p. m. when Riggins drove to the Pizza Hut to purchase some snacks. DEA agents testified that during Riggins' brief absence, Graham remained in the room and had no visitors. Movement was again observed at 2 a. m. the next morning. At that time the two men drove the rented car into Mexico where they remained until 11:30 a. m.

The defendants then returned to the motel, packed the car and proceeded to drive away from Eagle Pass. Concluding that the defendants were departing permanently, Agents McDonald and Clagg stopped the car about five miles from the motel. A search of the car disclosed a grocery bag on the right front floorboard which contained an empty cigarette package containing a powdery substance, later identified as 20 grams of heroin. At the time of the search, the DEA agents examined the physical condition of both Graham and Riggins. From this examination DEA Agent Clagg, a licensed pharmacist who had been with the DEA for over three years, concluded that neither man was under the influence of drugs or was a regular user of heroin.

In determining the sufficiency of the evidence supporting a jury's finding of guilt, we must view the record in the light most favorable to the Government. *See Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Furthermore, we must remember that possession may be constructive as well as actual, that possession may be joint among several individuals, and that such possession may be proven by circumstantial evidence. *See United States v. Hernandez*, 5 Cir., 1973, 484 F.2d 86, 87; *United States v. Stephen-son*, 5 Cir., 1973, 474 F.2d 1353, 1355; *United States v. Mendoza*, 5 Cir., 1970, 433 F.2d 891, 896, *cert. denied*, 401 U.S. 943, 91 S.Ct. 953, 28 L.Ed.2d 225 (1971). Under these standards, the record taken as a whole requires affirmance of the conviction.

The evidence indicates that Riggins exercised adequate domination and control over the heroin to be in constructive possession of it. Riggins was in the motel room when the heroin was delivered. Codefendant Graham admitted as much in his testimony although he claimed that Riggins was asleep while the transaction took place in the bathroom of the small motel room. But the jury could have chosen to discredit Graham's testimony especially since Riggins was seen awake shortly before and after the heroin was delivered. The DEA agents also observed Riggins participating in the loading of the car. This testimony would provide a basis for the inference that Riggins knew the contents of the grocery bag on the floorboard on the passenger side. Further, while mere proximity to a controlled substance does not establish possession, control or domination over the vehicle in which the contraband is concealed does support a finding of possession. *See United States v. Ferg*, 5 Cir., 1974, 504 F.2d 914. In the present case, the car was rented by Riggins' wife and Riggins was the authorized driver. Thus, Riggins exercised control over the use of the car. This evidence of knowledge of the heroin and of control over the vehicle suffices to establish Riggins' possession of the heroin.

The jury also had adequate support for the conclusion that Riggins planned to distribute the heroin. Since neither Riggins nor Graham revealed any signs of heroin use at the time of the arrest, it follows that the heroin was not for their personal use. Moreover, the profit from the resale for $3,000 on the streets of Houston of the twenty grams of heroin purchased for $500 in Eagle Pass would provide a strong incentive for distribution. This profit would provide a better explanation for incurring the cost of the long trip to Eagle Pass than the

alleged desire to visit a nightclub. Finally, the quantity of heroin suggests intended distribution since this amount could have supported a single addict for over half a year. The jury, therefore, could conclude from the evidence beyond a reasonable doubt that Riggins violated 21 U.S.C. § 841(a)(1) by possessing the heroin with the intent to distribute.

■ Similarly, the evidence viewed in its entirety justifies a conviction for a conspiracy to distribute heroin. A conspiracy's "existence often is proved by inferences from the actions of the actors or circumstantial evidence of a scheme." *United States v. Amato,* 5 Cir., 495 F.2d 545, 549, *cert. denied,* 419 U.S. 1013, 95 S.Ct. 333, 42 L.Ed.2d 286 (1974).

Persons who enter into a conspiracy to commit a criminal offense do not do so openly, and generally a conspiracy can be established only by evidence of the attendant circumstances and the concerted acts and conduct of the alleged conspirators and the inferences reasonably deductible therefrom that logically and consistently warrant the conclusion that an unlawful agreement, express or implied, existed.

*United States v. Jacobs,* 5 Cir., 1971, 451 F.2d 530, 535, *cert. denied,* 405 U.S. 955, 92 S.Ct. 1170, 31 L.Ed.2d 231 (1972). The conduct of the parties in the instant case supports the finding that a conspiracy existed. The two men were together constantly during the trip. Riggins was in the room when the heroin was delivered. While the call placed by Riggins shortly before the arrival of the taxi does not conclusively prove that Riggins called for the heroin, it does strongly suggest that Riggins was awake when the heroin purchase occurred in the motel room. Lastly, and perhaps most significantly, Riggins incurred the expense of renting the car for the trip to obtain the heroin. The joint actions of these men from start to finish adequately support the jury's determination that Riggins was a coconspirator with Graham in the distribu-tion of the heroin in violation of 21 U.S.C. § 846.

The conviction is therefore AFFIRMED.