607 P.2d 1069

The STATE of Idaho,
Plaintiff-Respondent,

v.

Willie Joe CLAYTON,
Defendant-Appellant.

No. 12606.

Supreme Court of Idaho.

March 10, 1980.

Klaus Wiebe of King, Wiebe & Morris, Boise, Brown, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, P. Mark Thompson, Deputy Attys. Gen., Boise, for plaintiff-respondent.

SCOGGIN, Justice Pro Tem.

Defendant-appellant Clayton appeals his conviction of possession of heroin. After agreeing to a search of his residence, Clayton was arrested for possession of heroin, which was hidden in the dining room of the home occupied by him and a minor female. At his trial, Clayton testified that he was out of town for the previous three days and did not know that the heroin was in the house until after the police discovered it. His companion testified that the heroin had been given to her by friends who had visited the house during Clayton's absence. She also testified that Clayton was unaware of the heroin.

On cross-examination, Clayton admitted to being a registered heroin addict. He also admitted to ingesting heroin around the time of his arrest. He knew that marijuana, another controlled substance, was present in the house and he acknowledged that he consumed marijuana. The jury found Clayton guilty of constructive possession of heroin.

Clayton argues that the evidence was not sufficient to justify a conviction. The legality of the search and the voluntariness of the consent are not disputed. Rather, Clayton urges that the State failed to prove that he knew heroin was hidden in his home.

A jury verdict will not be disturbed on appeal where there is substantial and competent evidence to support the verdict. *State v. Kellogg*, 100 Idaho 483, 600 P.2d 787 (1979); *State v. Warden*, 100 Idaho 21, 592 P.2d 836 (1979). Where the evidence is insufficient to support the conviction, then the judgment must be reversed. *State v. Warden*, 97 Idaho 752, 554 P.2d 684 (1976).

In the present case, the district judge instructed the jury that an element of the offense was knowledge of the heroin. Both Clayton and his companion testified that he knew nothing of the heroin. The State, however, presented evidence that Clayton was a registered heroin addict, that he had admitted to ingesting heroin around the time of his arrest, and that he knew of the presence of marijuana, another controlled substance, in his home. These facts buttress the inference that Clayton knew that the heroin was hidden in his home. Disbelieving Clayton and his companion and relying instead on the State's evidence, the jury found that Clayton knew of the existence of the heroin. As an appellate court, we cannot substitute our own judgment as to the credibility of the witnesses and the weight given their testimony by the jury. *State v. Kellogg*, 100 Idaho 483, 600 P.2d 787 (1979); *State v. Warden*, 100 Idaho 21, 592 P.2d 836 (1979). As there is sufficient and competent evidence to support the conviction, the judgment is affirmed.

DONALDSON, C. J., and BAKES, McFADDEN and BISTLINE, JJ., concur.