787 P.2d 1152

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Gary RANDLES and Sue Ernst, Defendants–Appellants.**

**Nos. 18193, 18194.**

Supreme Court of Idaho.

Jan. 16, 1990.

Rehearing Denied March 23, 1990.

346

Dan J. Rude, Coeur d'Alene, for defendants-appellants.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., argued, Boise, for plaintiff-respondent.

McDEVITT, Justice.

The home shared by Gary Randles and Sue Ernst was searched pursuant to a warrant on August 26, 1983. Inside the residence officers found the following items of contraband: a paper bag holding seven sandwich bags containing approximately one ounce of marijuana apiece, a finger scale atop a box of clear sandwich bags, six paper bags and a glass jar containing loose marijuana leaves, two drying trays containing marijuana, a tray containing loose marijuana, marijuana cigarette butts, rolling papers, a paper bag containing marijuana stems, a film canister filled with what appeared to be marijuana seeds on a hutch in the kitchen, and a baggie containing an unspecified quantity of marijuana in a purse in the kitchen.

Twenty immature marijuana plants were found outside, in a greenhouse attached to the residence. There was testimony that the plants were well cared for, and Officer Rankin testified as to what the plants would be worth if they had been allowed to mature.

Randles and Ernst were charged with manufacture of marijuana and possession with intent to deliver, and they were both convicted of each count by a jury in the District Court. The convictions were upheld by the Court of Appeals.

Defendants argue on appeal that there was insufficient evidence to sustain their convictions, and challenge the jury instructions given at trial concerning evidence sufficient to support an inference of intent to deliver. For the reasons set out below, we do not find it necessary to reach other issues raised by appellants concerning the application of I.C. § 18–301, and the propriety of testimony concerning the future value of the growing marijuana plants.

I. Manufacture of Marijuana

■ Under I.C. § 37–2701(r), the term "manufacture" is broad, and includes not only production or propagation, but also packaging or repackaging a controlled substance. Under this definition, the manufacturing charge might have been based on the growing marijuana in the greenhouse, or the marijuana that was put into sandwich bags inside the residence. The jury instructions narrowed the definition of "manufacture," however, to the production ("manufacture, planting, cultivation, growing, or harvesting") or propagation of a controlled substance. Thus, the only question before us is whether the growing plants in the greenhouse were sufficient to sustain a conviction of manufacture against the defendants. We hold that they are not.

This case involves premises which were shared by both defendants. Even if we assume that they are the only two people who had access to the greenhouse, there is no evidence in the record as to which of the two was guilty of the act of manufacture. It is a fundamental principal of our system of justice that guilt must be proved beyond a reasonable doubt against each individual defendant. *Delgado v. United States*, 327 F.2d 641 (9th Cir.1964); *State v. Vinton*, 110 Idaho 832, 718 P.2d 1270 (Ct.App.1986). In this case, no evidence was produced at trial of fingerprints, footprints, or any other physical evidence which would have connected either defendant to the cultivation activity in the greenhouse. Without such evidence, we are unable to sustain the conviction of either defendant for manufacturing marijuana.

The State argues that both defendants may be convicted of manufacture, since it is obvious that at least one overtly cultivated the plants, and that the other could not have been ignorant of this activity. The reasoning is that even if one defendant did not actually help to cultivate the plants, he or she is equally guilty of the substantive

offense as an accomplice for aiding and abetting in the cultivation.

■ It is true that one who aids and abets a crime is guilty as a principal. I.C. § 18–204. However, "aiding and abetting" requires some proof that the accused either participated in or assisted, encouraged, solicited, or counseled the crime. *United States v. Peoni*, 100 F.2d 401 (2d Cir.1938); *Johnson v. United States*, 195 F.2d 673 (8th Cir.1952); *State v. Gladstone*, 78 Wash.2d 306, 474 P.2d 274, 42 A.L.R.3d 1061 (1970). Mere knowledge of a crime and assent to or acquiescence in its commission does not give rise to accomplice liability. *State v. Brooks*, 103 Idaho 892, 655 P.2d 99 (Ct.App.1983); *State v. Sensenig*, 95 Idaho 218, 506 P.2d 115 (1973); *State v. Schrag*, 21. Or.App. 655, 536 P.2d 461 (1975); *Morrison v. State*, 518 P.2d 1279 (Okl.Cr.1974). Failure to disclose the occurrence of a crime to authorities is not sufficient to constitute aiding and abetting. *Bird v. United States*, 187 U.S. 118, 23 S.Ct. 42, 47 L.Ed. 100 (1902); *State v. Grant*, 26 Idaho 189, 140 P. 959 (1914). Rather, under the Idaho Criminal Code, failure to report a felony makes a person guilty only as an accessory, not as an accomplice. I.C. § 18–205. Neither defendant was charged with being an accessory in this case.

There is sufficient evidence to infer that if only one party was cultivating the marijuana, the other must have at least known of the activity. Yet there is no evidence to show which defendant was actively cultivating the plants, or that the other did anything to incite, encourage, counsel or assist the commission of the crime. Therefore, we cannot say that there is sufficient evidence to hold either defendant criminally liable for the manufacture of marijuana.

II.  Possession with Intent to Deliver Marijuana

The possession with intent to deliver convictions raise the same issue of whether the evidence was sufficient to prove each defendant guilty as an individual, where both defendants were in non-exclusive possession of the premises where the drugs were found.

■ There is no doubt that the evidence is sufficient to establish illegal possession. Although the defendants were not in actual physical possession of the drugs, constructive possession may be established by evidence that the defendants had knowledge of the drugs, and had control over the premises on which they were found. *State v. Segovia*, 93 Idaho 594, 468 P.2d 660 (1970); *White v. United States*, 315 F.2d 113 (9th Cir.1963); *United States v. Warren*, 594 F.2d 1046 (5th Cir.1979). Constructive possession may be either joint or exclusive. *United States v. Riggins*, 563 F.2d 1264 (5th Cir.1977). Knowledge that the drugs are present normally may not be proved by inference where the defendant is in non-exclusive possession of the premises where drugs are found, unless there are other circumstances which would support the inference of knowledge. *State v. Warden*, 97 Idaho 752, 554 P.2d 684 (1976); *State v. Greene*, 100 Idaho 464, 600 P.2d 140 (1979). In this case, the bulk of marijuana was in plain view in areas shared by the defendants, indicating that both defendants were aware of its presence.

However, the defendants were not charged with possession, and it is incumbent on the State to prove the additional element of intent to deliver. The question is whether the state has met its burden of proof on this issue.

A.  Jury instructions on circumstantial evidence sufficient to prove intent to deliver.

■ As there was no direct evidence of intent to deliver in this case, the State was required to resort to proof by means of circumstantial evidence. The jury was instructed as to the factors which would be sufficient to support an inference of intent to deliver with circumstantial evidence.

Instruction # 22 reads:

Evidence of the quantity of substances found will not, by itself, support an inference of intent to deliver. One or more of the following factors must be proven:

(1) Suspicious activities by a defendant, or the existence of money and transaction records, indicating delivery of controlled substances;

(2) The defendant's personal habits regarding use of the substances in question;

(3) The economic value of the substances, if sold;

(4) Expert testimony concerning typical patterns of use and sale;

(5) The existence of paraphernalia customarily used to process controlled substances for delivery; and

(6) The existence of packages or containers customarily used in delivery.

The evidence, taken as a whole, must establish a substantial, rather than speculative, basis to draw such an inference. These instructions were taken from the holding of the court in *State v. O'Campo*, 103 Idaho 62, 644 P.2d 985 (Ct.App.1982).

Appellants claim that this instruction violated their rights to due process under the Fourteenth Amendment, because the instruction does not explicitly state that the inference to be drawn from the listed factors of circumstantial evidence is permissive. Thus, appellants argue that the jury might have been misled into believing that if some factors were proven they would be required to conclude that appellants had the intent to deliver the marijuana. If that were the case, they argue, the burden of proof would be impermissibly shifted to appellants, in violation of their due process rights under the Fourteenth Amendment to the United States Constitution.

■ If a jury instruction lightens the prosecution's burden of proof by creating conclusive presumptions of guilt as to an element of an offense and requires the accused to come forward with evidence to rebut that presumption, it is a violation of due process. *Morisette v. United States*, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952); *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). In *State v. Williams*, 103 Idaho 635, 651 P.2d 569 (Ct.App.1982), *overruled on other grounds*, 107 Idaho 96, 685 P.2d 837 (Ct.

App.1984), the court invalidated jury instructions which appeared to shift the burden of proof to the accused, and appellants argue that the same reasoning applies here. *Williams* is distinguishable, as it involved jury instructions which referred to inferences and presumptions as if they were interchangeable, and which used contradictory language to explain what evidence would be sufficient to overcome them.

■ Jury instructions must be read as a whole to determine whether in the eyes of a reasonable juror their effect was to shift the burden of proof to the defendant. *Williams*, 103 Idaho at 640, 651 P.2d at 574. In this case, Instruction # 8 explained that "[a]n inference of fact is one which may logically and reasonably be drawn from another fact or group of facts established by the evidence." This instruction serves to clarify the word "inference" in Instruction # 22. There is no reason to believe that a juror would interpret these instructions together to mean that upon proof of some of the factors listed in Instruction # 22, the jury would be required to find that the defendants had the intent to deliver controlled substances unless the defendant produced other evidence to the contrary.

Appellants also challenge these instructions because the court in *O'Campo* held that "where the quantity and economic value of substances suggests personal use, the mere existence of packaging material will not provide an adequate basis to infer intent to deliver." *O'Campo*, 103 Idaho at 68, 644 P.2d at 991. Appellants contend that the instructions as written would impermissibly allow the jury to draw an inference of intent to deliver based on quantity and packaging materials alone.

It is true that instructions on this issue should include language to the effect that quantity consistent with personal use and the existence of packaging materials are not enough alone to sustain an intent to deliver, under the rule set out in the *O'Campo* case. In this case however, the deficiency in the instructions constituted

harmless error. Even if the jury found the quantities involved to be consistent with personal use, the State presented additional evidence besides the quantity and packaging materials. The officers executing the search warrant also found a finger scale, which expert testimony established to be customarily used to weigh marijuana for sale. There was also expert testimony concerning typical patterns of use and sale. Officer Rankin testified that the seven one ounce bags found inside the house were packaged in a manner consistent with delivery to third persons. There is no question that the jury had more than mere quantity and packaging material upon which to base an inference of intent to deliver.

Since the above evidence is sufficient in itself to sustain an inference of intent to deliver, we need not decide whether the testimony of Officer Rankin concerning the future value of the growing marijuana plants at maturity was properly admitted. If it was improper then the error was harmless, as the jury could have reached the same result without the benefit of that testimony.

The State has met its burden of proving that someone had the intent to deliver the marijuana. The next step is to bring that intent home to each defendant as an individual.

B. Sufficiency of the evidence to prove intent to deliver against either defendant as an individual.

■ The State cites many cases for the proposition that an inference of intent to deliver may be drawn in cases of non-exclusive possession of premises where drugs are found. We hold that those cases are distinguishable. For example, *State v. Greene*, 100 Idaho 464, 600 P.2d 140 (1979), included a statement by the defendant that he knew about the marijuana on the premises but not the heroin, at a time before the heroin was found there by the police. *State v. Clayton*, 101 Idaho 15, 607 P.2d 1069 (1980), involved a defendant who denied knowledge of the heroin found, but was a registered heroin addict, admitted taking heroin near the time of arrest, and admitted that he knew there was marijuana in his home. *United States v. Davis*, 562 F.2d 681 (D.C.Cir.1977), involved a veritable pharmacopeia of illegal drugs found on the premises in overwhelming quantities and a profusion of paraphernalia. *United States v. James*, 494 F.2d 1007, *cert. denied* 419 U.S. 1020, 95 S.Ct. 495, 42 L.Ed.2d 294 (1974), included evidence of written drug sales transactions and substances used to dilute drugs for sale. *Williams v. United States*, 4 F.2d 432 (D.C.Cir.1925), involved a drug transaction monitored by the police. In short, the cases cited by the State involve huge quantities of drugs, admissions by defendants, observed drug sales, extremely suspicious activity, records of drug sales, and other circumstances which are independently indicative of intent to deliver by individual defendants.

In the present case there is insufficient evidence to find that both appellants are guilty of the intent to deliver marijuana based solely on their occupancy in the premises where the drugs were discovered.

■ The State further argues that marijuana found in the personal effects of each defendant provides the vital link between each individual and the quantities of marijuana in the residence. In the case of Gary Randles, there was a film canister which "appeared" to contain marijuana seeds found on a piece of furniture which contained his personal papers. The contents of the canister were never analyzed. We hold that this evidence is insufficient to establish that Randles had the intent to deliver. First, it was not established that the seeds were in fact marijuana seeds. Also, the fact that an item of evidence was found on a communal piece of furniture containing Randles' papers is not sufficient to tie Randles to all the marijuana found in the residence.

■ There was also a sandwich bag containing marijuana found in a purse in the kitchen. There were other items in the purse bearing the name of Sue Ernst. There is no evidence as to the quantity of the marijuana that was in the baggie. We hold that this evidence, the marijuana pack-

aged in a baggie found in the purse, which expert testimony established as the type of packaging normally used to distribute marijuana for sale, was sufficient to identify Sue Ernst as an individual with the marijuana being dried, processed, weighed and packaged throughout the house. The contents of the baggie were definitely identified as marijuana, and there is more than sufficient evidence to identify Ernst as the owner of the purse in which it was found.

Appellants point out that there was a check made out to Gary Randles and a receipt for a post office box in Randles' name found in the purse as well. However, that fact does not rebut the evidence that the purse was the property of Sue Ernst, nor does it tend to prove that Gary Randles shared control over the purse.

We hold that the quantity of marijuana found in a baggie in Sue Ernst's purse is sufficient to tie her as an individual to the marijuana found throughout the residence. Thus, applying the *O'Campo* factors enumerated above to the marijuana and paraphernalia found within the residence, the jury had sufficient evidence to believe that Sue Ernst had the intent to deliver a controlled substance.

### C. Standard of review on appeal.

In *State v. Holder*, 100 Idaho 129, 594 P.2d 639 (1979), this Court held that in cases where guilt is proven by circumstantial evidence, that evidence must be sufficient to exclude every reasonable hypothesis other than the guilt of the defendant, and that jurors should be so instructed. Appellants urge this Court to adopt that standard for the first time as the standard of appellate review of circumstantial evidence cases. We decline to do so.

We reaffirm that juries must receive the *Holder* instruction in circumstantial evidence cases, due to the problematic nature of such evidence and the principle ·that criminal guilt must be proved beyond a reasonable doubt. The role of the jury and the trial court is to determine the facts of a case. To that end there are necessary safeguards to guide the jury in evaluating the evidence before it. That is the function of the *Holder* instruction.

The function of an appellate court with regards to the facts of a case is to determine whether there was substantial and competent evidence supporting the verdict. *Jones v. State*, 93 Idaho 859, 477 P.2d 101 (1970); *State v. Hinkley*, 93 Idaho 872, 477 P.2d 495 (1970). To require the court at the appellate level to evaluate whether the evidence suggests any reasonable hypothesis which is consistent with the innocence of a defendant already convicted by a jury would be an impermissible usurpation of the role of the trier of fact. Therefore, we hold that the language of the *Holder* instruction is to be applied only at the trial level, and is not an appellate standard of review.

The convictions of Gary Randles and Sue Ernst for manufacturing a controlled substance are reversed, as is the conviction of Gary Randles for possession with intent to deliver. The conviction of Sue Ernst for possession with intent to deliver is affirmed.

BISTLINE and BOYLE, JJ., and McFADDEN, J., Pro Tem., concur.

BAKES, Chief Justice, concurring in part and dissenting in part:

I concur with all of the Court's opinion except that part which reverses the conviction of Sue Ernst on the charge of manufacture of marijuana. The Court's opinion acknowledges that there was sufficient evidence of the manufacture (growing) of marijuana, but holds that "there is no evidence in the record as to which of the two was guilty of the act of manufacture." The Court arrives at that conclusion by isolating the evidence of manufacture in the attached greenhouse from the evidence inside the house.

The Court's opinion acknowledges, however, that "the quantity of marijuana found in a baggie in Sue Ernst's purse is sufficient to tie her as an individual to the marijuana found throughout the residence." If the marijuana in the baggie in Sue Ernst's purse was sufficient to tie her to the rest of the marijuana found through-

out the residence, as the Court's opinion acknowledges, there is no reason why the marijuana found in the baggie in Sue Ernst's purse was not sufficient to tie her to the marijuana found growing in the greenhouse attached to the house. The reason for the Court's reversing the judgment of conviction of Gary Randles was that he could not personally be tied to any of the marijuana. However, Sue Ernst has been tied to the marijuana, as acknowledged by the majority opinion which affirms her conviction for possession with intent to deliver. Once the baggie was found in the defendant Sue Ernst's purse, there was not only sufficient evidence "to tie her as an individual to the marijuana found throughout the residence," but there was sufficient evidence to tie her to the marijuana found in the greenhouse attached to the residence. I see no distinction between holding her responsible for "the marijuana found throughout the residence," and the marijuana found in the greenhouse attached to the residence.

I would affirm the conviction of Sue Ernst for the manufacture of marijuana, as well as the charge of possession with intent to deliver.