484 P.2d 734

Gerald Clarence LIPPS, Petitioner-
Appellant,

v.

The STATE of Idaho, Defendant-
Respondent.

No. 10626.

Supreme Court of Idaho.

April 27, 1971.

Michael C. Moore, Lewiston, for peti-
tioner-appellant.

Robert M. Robson, Atty. Gen., Martin R.
Ward, Asst. Atty. Gen., Boise, Roy E. Mos-
man, Lewiston, for defendant-respondent.

SPEAR, Justice.

This appeal is taken from a decision of
the district court denying appellant relief
under the Idaho Uniform Post-Conviction
Procedure Act. I.C. § 19–4901 et seq.
Appellant submitted his petition for post-
conviction relief, and hearing was held,
subsequent to the following events:

A criminal complaint was filed on Janu-
ary 29, 1969 charging appellant with the
unlawful importation, sale or furnishing of
narcotic drugs in violation of I.C. § 37
3204. After his arrest and preliminary
hearing, an information was issued in
which appellant was held to answer for
five violations of the state's narcotics
statutes, specifically I.C. § 37–3203, I.C.
§ 37–3204 (two counts) and I.C. § 37–3302
(two counts).

At the arraignment, appellant was rep-
resented by counsel who advised him to
plead guilty. Prior to asking for appel-
lant's plea, the district judge explained
the state's burden of proof in a criminal
case, the accused's right to cross-examine
the state's witnesses, the right to confer
with counsel, and that a plea of guilty had
to be given understandingly. Appellant
answered that he understood all the judge's
comments and pleaded guilty to two
charges: unlawful possession of narcotics
for sale and unlawful importation, sale or
furnishing or narcotic drugs.

A hearing in mitigation and aggravation
of sentence was held on April 10, 1969.
At the conclusion of this hearing, appel-
lant was sentenced to three years in the
Idaho State Penitentiary on both of the
counts, the sentences to run consecutively.

In June, 1969, after his incarceration
had begun, appellant submitted a petition
for post-conviction relief in which he stat-
ed that he had not been informed by the
court that he could appeal, that his attor-
ney did not adequately represent him, and
that his guilty plea had been coerced.
Hearing was held on appellant's petition

on December 2, 1969. Appellant testified that when he conferred with his attorney and decided to plead guilty prior to the arraignment, he was suffering from hallucinations. He also testified that he was not advised by the court of his right to appeal and his right to appointed counsel on appeal prior to his guilty plea.

The district court denied appellant's request for post-conviction relief. This appeal is taken from the district court's disposition of appellant's petition.

Appellant alleges three assignments of error as cause for reversal in this case. First he contends that the district court erred in dismissing his petition since the facts adduced at the hearing were sufficient to show that his plea of guilty was not knowingly and understandingly entered. Next he alleges that the petition should not have been dismissed because he was never advised of his right to appeal from the judgment of conviction or of his right to have court-appointed counsel to represent him on appeal. Finally, the appellant argues that it was improper for the district court to admit evidence of his past criminal record since it was not proper impeachment.

■ Regarding appellant's first assignment of error, we feel that the evidence before the district court was adequate to sustain the court's dismissal of the petition. It clearly discloses that appellant's plea of guilty was given understandingly and knowingly. Appellant put on no evidence other than his own testimony as proof that he was suffering from the effects of drugs at the time he decided to plead guilty. Furthermore, our examination of the arraignment transcript discloses that the district judge very thoroughly explained to appellant his rights before that court and the effect of pleading guilty. All appellant's responses to the judge's remarks seemed to be rational and indicated a coherent appreciation of the nature of the proceeding. Where there is competent and substantial evidence to support the district court's conclusions, this court will not disturb such findings on appeal. State v. Hinkley, 93 Idaho 872, 477 P.2d 495 (1970); Jones v. State, 93 Idaho 859, 477 P.2d 101 (1970).

Appellant's second assignment of error is also without merit. We have recently held that there is no ground for post-conviction relief where the district judge has not advised an accused of his right to appeal. State v. Hinkley, supra; Pulver v. State, 93 Idaho 687, 471 P.2d 74 (1970). Furthermore, there was evidence of appellant's knowledge of his right to appeal notwithstanding the district court's failure to so advise him at the arraignment hearing. At the post-conviction hearing appellant testified that he broached the subject of appeal with his attorney soon after he was sentenced.

■ Since it was unnecessary for the district court to have advised appellant of his right to appeal, it follows that it was also unnecessary to have advised him of his right to have court-appointed counsel to represent him on appeal.

■ We find that no error was committed in this post-conviction proceeding by admission of evidence of appellant's prior criminal record. This evidence was not submitted for impeachment purposes. Rather, the prosecutor sought appellant's testimony on the matter and the judge admitted it to establish that appellant had some prior experience with the criminal process and therefore must have understood the nature of what was transpiring at the arraignment hearing. Since the evidence was offered by the State to rebut one of the issues raised by appellant, we believe it was properly admitted and considered.

Decision of the district court denying post-conviction relief affirmed.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.