651 P.2d 582

Ronnie Leroy HECK,
Petitioner-Appellant,

v.

STATE of Idaho, Respondent.

No. 14386.

Court of Appeals of Idaho.

Sept. 21, 1982.

Michael E. Powers, Twin Falls, for petitioner-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Warren E. Felton, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

Ronnie Leroy Heck appeals from an order denying his application for post-conviction relief. He asserts, first, that the court below erred in not allowing him to withdraw his plea of guilty to first degree burglary, which plea was allegedly entered under duress. Next, he submits that his plea should be set aside because there was no showing of a factual basis for his plea, when the plea was entered. Lastly, he argues that the court erred in not reducing his sentence in the post-conviction proceedings. We *affirm* the order denying post-conviction relief and refusing to reduce the sentence.

An evidentiary hearing was held concerning Heck's application. The record discloses that on September 15, 1978, responding to a reported burglary in progress, members of the Twin Falls police department found Heck inside a music store building after the business had closed for the day. Heck was arrested for burglary and taken to the Twin Falls County jail. On October 27, 1978, he pled guilty to the burglary and two other pending charges. He was sentenced to an indeterminate term not to exceed fifteen years on the burglary charge. During the time between his arrest and his plea, Heck was removed from the county jail and incarcerated in the Twin Falls city jail as a result of a fire in his county cell on October 19, 1978.

In support of his application, Heck testified that he was mistreated by the police while he was in jail and that he pled guilty in order to be removed from the jail. He represented that he had been beaten by the police, was denied medical treatment, and had been prescribed an ineffective medication for his migraine-type headaches. He testified that, in protest of his medical treatment, he participated with other inmates in a violent demonstration during which property in his cell in the county jail was damaged and burned. He testified that he was then placed in the city jail where he was "treated like an animal." He said he decided to plead guilty against the advice of his counsel in order to be transferred to prison. In addition to the burglary charge, he also pled guilty to a felony charge of injuring property, resulting from the fire in the county jail; and he pled guilty to an unrelated charge of assault with a deadly weapon which also was pending before the district court.

The police officers who had investigated the burglary also testified at the post-conviction hearing. They said that when they found Heck inside the music building, Heck kicked one of them in the groin. Heck was then wrestled to the floor, handcuffed, and carried—kicking, fighting, screaming and cursing—to the police vehicle. The officers denied using any excessive force upon Heck. The officers testified that the next morning Heck made a statement to them concerning the burglary, admitting that he had broken into the building through a window, placed some merchandise near the exit, and was attempting to get some money from a cash register when the police arrived and arrested him. This statement was made after Heck was advised of his rights. He was described as calm, relaxed and willing to talk about the incident when he gave the statement. The officers related that no promises or threats were made to him in exchange for the statement. They testified that Heck commented to them that "he wanted to get it over with and get back to the penitentiary." The incriminating statement made by Heck the morning after his arrest was given before any of the subsequent alleged mistreatment complained of by Heck.

The officers further testified concerning the fire in the jail following Heck's refusal to accept the medication prescribed for him. They testified that Heck was not struck or abused when he was removed to the city jail. The city jailer testified that Heck was placed in a cell without blankets and mattresses, to prevent any further fires. He testified that Heck was never struck or physically abused at any time.

Heck further represented that he pled guilty "to a burglary that wasn't a burglary." He suggested that he lacked the specific intent to commit a burglary when he entered the building because he was under the influence of alcohol and marijuana. He asserted that he "did not intend to steal anything", but was guilty only of breaking and entering. Heck's contention was controverted by the evidence submitted at the post-conviction hearing, through the testimony of the arresting officers and submission of the written statement made by Heck to the officers.

At the conclusion of the post-conviction hearing the district court found that Heck's plea of guilty was not induced by any pressure, duress or promises. The court found that the plea was entered intentionally, knowingly and voluntarily. The court de-

termined that there was no factual basis for the relief prayed for by Heck, and denied his application.

In Idaho, post-conviction relief proceedings are civil, rather than criminal, and an applicant has the burden of proving the allegations—which he contends entitle him to relief—by a preponderance of the evidence. *Tramel v. State,* 92 Idaho 643, 448 P.2d 649. Where there is competent and substantial evidence to support the lower court's decision following a post-conviction evidentiary hearing, that decision will not be disturbed on appeal. *Lipps v. State,* 94 Idaho 185, 484 P.2d 734 (1971). We have reviewed both the transcripts of the entry of the plea and the post-conviction proceeding. Competent and substantial evidence supports the district court's conclusion that Heck's plea was not entered under duress. The court's denial of post-conviction relief will therefore not be disturbed. *Id.*

On this appeal, Heck also argues that his guilty plea should be set aside upon the ground that when his plea was entered, the district court failed to inquire as to a factual basis for the plea. This issue was not presented to the district court in the post-conviction proceeding, but is raised by Heck for the first time on this appeal. It is well-settled that matters not properly raised in the court below will not be considered for the first time on appeal. In *Interest of Holt,* 102 Idaho 44, 48, 625 P.2d 398, 402 (1981); *see also Heckman Ranches, Inc. v. State,* 99 Idaho 793, 799–800, 589 P.2d 540, 546–547 (1979), and cases cited therein. The opportunity to raise this issue having been present in the proceedings below, we see no reason to depart from that rule.

Finally, Heck contends that the district court erred in not reducing his sentence. The sentence imposed was within the statutory maximum term allowed for first degree burglary. I.C. § 18–1403. The duration of a sentence is a matter within the sentencing court's discretion, so long as the sentence is within the statutory maximum limitation. *State v. Seifart,* 100 Idaho 321, 597 P.2d 44 (1979). That discretion will not be disturbed unless an abuse of discretion is clearly shown. *Id.*

We presume on appeal that Heck's actual term of confinement will be at least one-third of his fifteen-year, indeterminate sentence. *See State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982). The question, then, is whether confinement of such duration is reasonable. A term of probable, actual confinement will be deemed reasonable to the extent it appears necessary to accomplish the primary objective of protecting society and to achieve any related goals of deterrence, rehabilitation or retribution. *Id.*

At the sentencing hearing in this case, the district court examined in detail Heck's prior criminal record, which included numerous burglaries or other theft-related offenses. In light of Heck's past record and the nature of the crimes here at issue, we believe confinement for at least five years reasonably could be viewed as necessary to protect society from Heck's established pattern of criminal conduct, and to deter others from such conduct. Therefore, we conclude that the sentence did not represent an abuse of discretion, and the district court did not err in refusing to reduce it.

Accordingly, the order denying post-conviction relief is affirmed.

BURNETT and SWANSTROM, JJ., concur.