668 P.2d 137

STATE of Idaho, Plaintiff-Respondent,

v.

John Marvin HELLBERG aka John Lawson, Defendant-Appellant.

No. 14424.

Court of Appeals of Idaho.

Aug. 23, 1983.

tion—were presented at a single trial which apparently consumed less than one day.

Charles B. Lempesis, Post Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

John Hellberg pled guilty to one count of forgery, I.C. § 18–3601, and two counts of petit theft, I.C. §§ 18–2403(1) and 18–2407(2). The district court sentenced him to the custody of the Board of Corrections for an indeterminate term not to exceed seven years for forgery, to run concurrently with a six-month sentence for each theft. The only issue on appeal is whether the sentence imposed for forgery was unduly harsh. We affirm the sentence.

Hellberg could have been sentenced to a maximum of fourteen years for forgery. I.C. § 18–3604. The sentence imposed was within the statutory maximum and will not be disturbed on appeal unless a clear abuse of discretion is shown. We presume that Hellberg's actual term of confinement for forgery will be at least one-third of his seven-year indeterminate sentence. Thus, the question is whether confinement of such duration is reasonable. *Heck v. State,* 103 Idaho 648, 650, 651 P.2d 582, 584 (Ct.App. 1982). We have held that "a term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

In this case, Hellberg's criminal record includes prior convictions for theft and forgery. The record also discloses numerous probation violations and flight from Oregon just before a hearing on another alleged violation. We believe the trial judge was justified in finding that the sentence imposed was necessary to protect society from repetitions of Hellberg's prior conduct. The judge gave sound reasons for his decision which need not be detailed here. There was no abuse of discretion. The sentence is affirmed.

WALTERS, C.J., and BURNETT, J., concur.