748 P.2d 1388
**STATE of Idaho, Plaintiff-Respondent,**

v.

**Daniel A. ELLIOTT,
Defendant-Appellant.**

No. 16925.

Court of Appeals of Idaho.

Jan. 19, 1988.

Mark F. Stewart, Deputy Ada County Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Daniel Elliott appeals from an indeterminate seven-year sentence to the custody of the Board of Correction, imposed upon a conviction for forgery. The sole issue is whether the district court abused its sentencing discretion.

Elliott pled guilty to forgery of a check, a felony under I.C. § 18–3601. His guilty plea resulted from a plea bargain in respect to some forty other alleged forgeries involving the use of the same bank account. Elliott's indeterminate seven-year sentence is well within the fourteen-year maximum allowed by statute. I.C. § 18–3604. *See*

*State v. Hellberg*, 105 Idaho 261, 668 P.2d 137 (Ct.App.1983) (indeterminate term not to exceed seven years, necessary to protect society from repetition of forgeries, was not an abuse of discretion). The presentence report shows that Elliott had eight prior felony convictions and one misdemeanor conviction on charges of insufficient fund checks and grand theft. The record indicates that Elliott has had numerous chances for rehabilitation in the criminal justice system. On previous occasions, he has received suspended sentences and has been placed on probation. On one occasion the court retained jurisdiction for 120 days under I.C. § 19–2601. He was on probation under a suspended seven-year sentence for grand theft when he committed the forgery in this case. Apparently none of these prior attempts by the system has successfully rehabilitated Elliott.

Having considered the sentence review criteria set forth in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), we conclude the district court did not abuse its discretion. The seven-year indeterminate sentence for forgery is affirmed.