955 P.2d 1102

**Michael D. WHITELEY, Petitioner–Respondent,**

v.

**STATE of Idaho, Respondent–Appellant.**

No. 23678

Supreme Court of Idaho,
Boise, September 1997 Term.

April 2, 1998.

Rehearing Denied April 2, 1998.

Allen G. Lance, Attorney General, Michael A. Henderson, Deputy Attorney General, Boise, for respondent-appellant. Michael A. Henderson argued.

Radin & Webb, Idaho Falls, for petitioner-respondent. John L. Radin argued.

WALTERS, Justice.

In this appeal, the State of Idaho seeks reversal of the district court's order setting aside Michael Whiteley's conviction and granting a new trial because of material facts not presented to the jury and in the interest of justice. Because we hold that the evidence presented by Whiteley in the post-conviction proceeding was insufficient to entitle him to relief on the grounds of newly discovered evidence, we reverse the order of the district court awarding a new trial.

The Court of Appeals affirmed Michael Whiteley's 1991 judgment of conviction and sentences for first degree kidnaping and rape, *State v. Whiteley*, 124 Idaho 261, 858 P.2d 800 (Ct.App.1993), wherein the facts of Whiteley's crimes are recounted. In March of 1992, Whiteley filed a *pro se* application for post-conviction relief alleging multiple claims of ineffective assistance of counsel and violations of his due process rights at trial. By order of the district court, this application was withdrawn upon Whiteley's request. On July 6, 1994, Whiteley filed a forty page application for post-conviction relief, which was apparently prepared by counsel but which bore only Whiteley's signature. In response to the state's motion to strike the application for lack of counsel's signature, the district court ordered the filing of an amended application bearing the signatures of both Whiteley and his court-appointed counsel.

In his amended application, Whiteley asserted that he was entitled to post-conviction relief based on the ineffectiveness of his trial counsel in such matters as discovery, investigation of witnesses, calling of witnesses, cross-examination of witnesses, in particular the victim, and presentation of evidence. Whiteley also claimed that counsel was ineffective in pursuing his direct appeal. As another basis for post-conviction relief, Whiteley claimed that there was new evidence in the form of witnesses and exhibits "not previously presented and heard, which requires vacation of the conviction," as set forth in I.C. § 19–4901(a)(4).

The state filed a motion for summary disposition of the application, alleging that Whiteley had presented no facts to support his application. Although the record does not contain an order denying the state's motion, the minutes of the district court reflect that an evidentiary hearing was held on four separate dates beginning April 2, 1996, and ending on June 6, 1996. At the hearings, Whiteley's counsel presented the testimony of seven witnesses who had not been called in the criminal trial in addition to Whiteley, the victim and Whiteley's trial counsel.

On September 27, 1996, the district court issued its memorandum decision, findings of fact and conclusions of law. The district court held that Whiteley had not been denied reasonably competent assistance of counsel at the criminal trial and that a new trial would simply review the same testimony with additional witnesses called to provide cumulative testimony or to attack the victim's credibility. On October 7, 1996, the district court entered an order dismissing the application for post-conviction relief.

Thereafter, Whiteley filed a *pro se* motion to vacate the judgment, which the district court treated as a motion for reconsideration of the denial of post-conviction relief. In his motion, Whiteley argued that the district court should consider anew the credibility of the victim whose testimony convinced a jury of Whiteley's guilt but who, at the post-conviction hearing, was allowed to assert her Fifth Amendment privilege and refuse to answer questions. Whiteley also urged the district court to reconsider his application, claiming that facts essential to a finding of guilt were not proved at the criminal trial and that he had been denied a fair hearing,

equal protection and his right of free speech in the post-conviction proceeding.

By order dated January 10, 1997, the district court granted relief on whiteley's reconsideration motion. After reviewing the testimony of the witnesses who Whiteley believed should have been called at the criminal trial, the district court found that the testimony of Melvin Osborne given at the evidentiary hearing was material to contradict the victim's testimony and was not cumulative. The district court concluded that Whiteley's conviction should be set aside and a new trial ordered "because of material facts not presented to the jury, and in the interest of justice." It is from this order granting Whieleey post-conviction relief that the state now appeals. The issue we are asked to resolve is whether the testimony presented at the evidentiary hearing meets the standard of newly discovered evidence required to justify a new trial in a post-conviction proceeding seeking relief under I.C. § 19-4901(a)(4).

## DISCUSSION

■ An application for post-conviction relief is a special proceeding that is civil in natuare, *Paradis v. State*, 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986), and as such, the Rules of Civil Procedure are applicable. *Peltier v. State*, 119 Idaho 454, 808 P.2d 373 (1991). An applicant for post-conviction relief bears the burden of proving, by a preponderance of the evidence, the allegations on which the application is based. *Clark v. State*, 92 Idaho 827, 452 P.2d 54 (1969). Where there is competent and substantial evidence to support a decision made after an evidentiary hearing on an application for post-conviction relief, that decision will not be disturbed on appeal. *Lipps v. State*, 94 Idaho 185, 484 P.2d 734 (1971). The credibility of witnesses and the weight of testimony are matters resolved by the trial court as trier of fact and will not be set aside on appeal unless clearly erroneous. *Stuart v. State*, 127 Idaho 806, 813, 907 P.2d 783, 790 (1996), *cert. denied*, —— U.S. ——, 116 S.Ct.

1877, 135 L.Ed.2d 173 (1996). A factual finding is clearly erroneous only if it is not supported by "substantial and competent evidence in the record." *Id.*

The state argues that the district court erred in setting aside Whiteley's conviction and ordering a new trial based upon the testimony of Melvin Osborne. The state maintains that Osborne's testimony, which was offered for the first time in the post-conviction proceeding, does not qualify as newly discovered evidence under the standard applicable to evidence of material facts not previously presented and heard under I.C. § 19-4901(a)(4).

■ We note at the outset that the district court's order granting Whiteley a new trial recited two alternative grounds justifying relief, i.e., "material facts not presented to the jury, and in the interest of justice."[1] We recently have held that the phrase *in the interest of justice* in I.C. § 19-4901(a)(4) does not provide a separate ground for relief, however, where the claim is predicated upon newly discovered evidence. *Rodgers v. State*, 129 Idaho 720, 723, 932 P.2d 348, 351 (1997). Instead, the request for a new trial in a post-conviction proceeding based on newly discovered evidence is the same as a motion for new trial subsequent to a jury verdict. *Id.* Before a new trial can be granted, and irrespective of the form of the request, new evidence must satisfy the four-part test set forth in *State v. Drapeau*, 97 Idaho 685, 551 P.2d 972 (1976):

> A motion based on newly discovered evidence must disclose (1) that the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) that the evidence is material, not merely cumulative or impeaching; (3) that it will probably produce an acquittal; and (4) that failure to learn of the evidence was due in no part to lack of diligence on the part of the defendant.

*Id.* at 691, 551 P.2d at 978.

### Testimony of Melvin Osborne

■ At the evidentiary hearing, Osborne testified that he had been acquainted with

---

1. I.C.§ 19-4901(a)(4) provides that a claim for relief may be asserted under the Uniform Post-Conviction Procedure Act when "there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice."

Whiteley since 1989 and that he had seen Whiteley at a gas station in Beaver, Utah, on January 16, 1991, where they spoke briefly. Osborne testified that, at that time, Whiteley introduced the woman accompanying him. He testified that he observed nothing abnormal about the woman's behavior. Specifically, he testified that the woman moved about the gas station freely and that she did not appear apprehensive, scared or worried.

After the initial consideration of this testimony, the district court denied post-conviction relief to Whiteley, based in part upon the following findings: (1) Osborne's testimony would corroborate the observations of the motel clerk in Utah (who did testify at the trial) but would provide nothing new; and (2) Osborne's testimony does not constitute new evidence because Whiteley was aware of this testimony prior to trial but did not communicate it to trial counsel. However, without otherwise amending its findings, the district court upon reconsideration determined that Osborne's testimony was *not* merely cumulative, but material, because Osborne's observations "occurred during the actual kidnaping and raise an inference of innocence." The district court then concluded that Osborne's testimony, coupled with that of the motel clerk, "may well result in a different verdict."

The district court's order on reconsideration addressed the materiality and cumulative nature of Osborne's testimony. Even though it was argued that the testimony was offered to impeach the credibility of the victim's testimony, the district court did not speak to the impeaching nature of that evidence. The district court, however, did consider how Osborne's testimony might alter the result in a new trial, but the district court did not elaborate as to whether Osborne's testimony would be sufficient to overcome the other evidence of guilt, such as Whiteley's possession of a stun gun and handcuffs which, according to the victim, were used by Whiteley in committing the kidnaping. Moreover, the district court was bound to a stricter standard under *Drapeau,* " that the evidence will probably produce an acquittal," and that standard was not met. As to the remaining factors of *Drapeau,* the district

court left undisturbed its original finding that the evidence was not newly discovered because it was known to Whiteley at the time of trial. Accordingly, we conclude that Osborne's testimony fails the *Drapeau* test and thus cannot support the district court's decision to grant a new trial on the basis of newly discovered evidence.

## Victim's Assertion of the Fifth Amendment

Next, we consider whether other evidence at the post-conviction hearing may have led the district court to conclude that Whiteley was entitled to a new trial. We look specifically to the victim's refusal to answer questions and her assertion of the Fifth Amendment at the post-conviction proceeding, which, at oral argument, counsel for Whiteley characterized as a recantation of the victim's earlier trial testimony. Counsel also argued that the recantation constituted new evidence of material facts not previously presented and heard, entitling Whiteley to a new trial.

During the post-conviction proceeding, the victim was called by Whiteley to testify. On her behalf, the state filed a motion requesting that she not be required to testify in Whiteley's presence, which motion was denied. The victim was also represented by counsel, who had advised the parties that the victim was going to take the Fifth Amendment when asked about her prior trial testimony for fear that her current responses would be inconsistent therewith. When the victim took the witness stand, she refused to answer many of counsel's questions and repeatedly asserted her Fifth Amendment privilege against self-incrimination.

When a witness invokes the Fifth Amendment in response to a question, the trial court must determine whether the refusal to answer is in fact justifiable under the privilege. *Hoffman v. United States,* 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951), *McPherson v. McPherson,* 112 Idaho 402, 404, 732 P.2d 371, 373 (Ct.App. 1987). In order to inform the court's decision of whether the answer to a question might be incriminating, the individual asserting the privilege "must sketch a plausible scenario of how a potential response would

provide direct or circumstantial evidence of criminal conduct or clues leading to evidence of criminal conduct." *McPherson v. McPherson*, 112 Idaho at 405, 732 P.2d at 374. Thus, the privilege must be supported by more than a vague, subjective fear of prosecution. *Id.* at 404, 732 P.2d at 373.

Although not required by the Constitution, a preliminary ruling by the court on the validity of an asserted privilege has been recommended. *Garner v. United States*, 424 U.S. 648, 660, 96 S.Ct. 1178, 1185, 47 L.Ed.2d 370 (1976). Unless the trial court inquires further of the witness, the court will be unable to evaluate the witness's naked claim of possible deviation from prior testimony. *See State v. DeCola*, 33 N.J. 335, 164 A.2d 729, 737 (1960). In the case at hand, the district court allowed the victim to assert the privilege without objection and without determining whether the victim would incriminate herself by her answers or whether she should be compelled to respond.

■■■■■ By invoking the Fifth Amendment the victim did not provide any evidence which supported or contradicted the testimony she had provided at Whiteley's criminal trial. Furthermore, the parties are not entitled to draw any inference from a witness's invocation of the Fifth Amendment. KENNETH S. BROUN, ET AL., MCCORMICK ON EVIDENCE § 137 at 512 (John William Strong, ed., 4th ed.1992). Therefore, the invocation itself was not a recantation of the victim's prior testimony that could be tested against the standard for awarding a new trial based upon recanted testimony. *See generally Bean v. State*, 119 Idaho 632, 809 P.2d 493 (1991); *State v. Lankford*, 116 Idaho 860, 781 P.2d 197 (1989), *cert. denied*, 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 803 (1990).

We also recall that Whiteley's application did not seek post-conviction relief on the grounds of any recanted testimony, but only raised claims of ineffective assistance of counsel, newly discovered evidence and a lack of substantial evidence to support the verdict. Even after Whiteley's counsel learned that the victim intended to invoke the privilege, the application was never amended to include an allegation of recantation. Although we can presume that the victim's refusal to answer questions at the post-conviction proceeding weighed on the district court's mind, the district court's order granting a new trial did not expressly rely on the victim's assertion of the Fifth Amendment as either a recantation or newly discovered evidence.

■■■■■ Whiteley argues that the order setting aside the judgment of conviction and granting a new trial can be sustained on the alternative ground that district court erred in concluding that Whiteley was denied effective assistance of counsel at his trial. In his petition for post-conviction relief Whiteley included an assertion of ineffective assistance of counsel, focusing on his trial counsel's failure to call witnesses and introduce exhibits which Whiteley contended were critical to proving his innocence. Testimony was presented at the hearing on the petition demonstrating the evidence that Whiteley claimed his trial counsel should have offered during the trial. The district court made several factual findings with regard to this evidence, including that the evidence fell within the area of strategic decisions, or was known to Whiteley but was not communicated by him to his counsel prior to trial, or related to matters not contemporaneous to the charges for which Whiteley was on trial, or did not present "new evidence" but was information directed at undermining the victim's credibility and, "except for Mr. Osborne, relate[d] to conversations or observations occurring months prior to the events of January 1991." The district court concluded:

> A complete review of the trial testimony leaves this Court with the distinct impression that the conflicting evidence was resolved against [Whiteley] based upon the presence of the stun gun and handcuffs coupled with the [incriminating] statements he made to Paula Hegstead and officer Fuhriman. This evidence was unrebutted at trial and was sufficient to resolve the conflict in the evidence against petitioner.

The district court's conclusion comports with the standard established by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Aragon v. State*, 114 Idaho 758, 760 P.2d 1174 (1988), determining that, even if counsel's performance was deficient, there was no prejudice shown because

there was not a reasonable probability that, but for the attorney's alleged deficient performance, the outcome of the trial would have been different. Accordingly, we reject Whiteley's argument that the district court erred in determining that Whiteley failed to establish that he had been denied the effective assistance of counsel and was therefore entitled to a new trial on that ground.

## SUMMARY

Having concluded that neither Melvin Osborne's testimony nor the victim's assertion of the Fifth Amendment qualify as newly discovered evidence under I.C. § 19–4901(a)(4), we reverse the district court's finding of material facts not presented to the jury. Accordingly, we set aside the district court's order granting Whiteley a new trial and reinstate the judgment of conviction.

TROUT, C.J., and JOHNSON and SILAK, JJ., concur.

SCHROEDER, Justice, dissenting.

I dissent from the portion of the opinion which determines that the judgment of conviction must be reinstated. This case should be remanded to the district court with an opportunity to make additional findings on those matters of concern to this Court so this Court may determine the case based upon adequate findings of fact and conclusions of law and the correct legal analysis. As it is, even though there may be a sound legal basis for the district court granting a new trial, the district court is deprived of the opportunity to do so because of inadequacy of the findings and apparent application of an improper legal standard. These flaws do not mean there is not a proper basis to grant Mr. Whiteley relief.

This case begs a decision based upon adequate findings of fact and conclusions of law based upon proper legal analysis. A witness who had critical evidence concerning the events involved was not called to testify. The alleged victim deprived the district court of the opportunity to judge whether there was evidence from her that would change the result of the trial. Clearly, the district court is in the best position to determine if there has been a fair trial. The district court concluded that the results of the trial could not be relied upon. The prison doors should not be slammed on Mr. Whiteley for twelve to twenty-five years because this Court has determined that the district court's articulation of reasons to grant a new trial was not sufficient. A remand for more complete findings of fact and conclusions of law applying the proper legal standard would provide this Court with a basis to determine if the order for a new trial should be affirmed or reversed.

It takes very little knowledge of Idaho's legal history to understand that few post-conviction relief petitions are granted; few new trials are granted to defendants in criminal cases. When the conscience of a district judge is sufficiently troubled by the proceedings that have taken place to warrant such action, this Court should give every opportunity to that court to set forth the reasons adequately for a decision that can be accepted as fair rather than one arrived through procedural failure. This case should be remanded for additional findings of fact and conclusions of law in light of this Court's concerns, not reversed.