**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45086**

| | | |
|---|---|---|
| MACK LLOYD SNIDER, | ) | 2018 Unpublished Opinion No. 352 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: February 12, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott L. Wayman, District Judge.

Order dismissing petition for post-conviction relief, <u>affirmed</u>.

Mack Lloyd Snider; Moscow, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Mack Lloyd Snider appeals from the district court's order dismissing his petition for post-conviction relief. Snider raises several claims regarding: (1) newly discovered evidence, (2) his innocence, (3) a speedy trial right violation, (4) misconduct and illegal influence by law enforcement, (5) ineffective assistance of counsel, and (6) a due process violation. The district court's order dismissing Snider's petition for post-conviction relief is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the underlying criminal case, Snider was arrested in May 2011.[1] Officers observed Snider and his girlfriend arrive at a casino in Coeur d'Alene while surveilling a suspected drug

---

[1] The facts of Snider's arrest are drawn from the district court's notice of intent to dismiss Snider's petition for post-conviction relief. However, the district court did not make factual findings concerning the events leading to Snider's arrest. Rather, it stated the facts as Snider's appellate attorney explained them on direct appeal from Snider's conviction.

1

trafficker. Snider's girlfriend purchased methamphetamine from the suspected drug trafficker and then left with Snider, who was driving her car. Officers knew there was an active warrant for Snider's arrest, so they instructed another officer to stop the car. While stopping the car, the officer observed Snider's girlfriend lean down and move things around on the floor of the car. A search of the car revealed a digital scale, suspected drug paraphernalia, and several amounts of suspected methamphetamine. After Snider's arrest, he took shared responsibility for the drugs found in the car because he had given money to his girlfriend to buy the methamphetamine and planned to sell it with her.

Following his conviction for possession of methamphetamine with intent to deliver, Snider was sentenced to a unified term of thirteen years, with ten years indeterminate, he appealed his conviction, and this Court affirmed his conviction. *State v. Snider*, Docket No. 42943 (Ct. App. Jan. 27, 2016) (unpublished). Subsequently, Snider filed a petition for post-conviction relief and a motion for appointment of counsel for the post-conviction proceedings. He claimed: (1) newly discovered evidence, (2) his innocence, (3) a speedy trial right violation, (4) misconduct and illegal influence by law enforcement, (5) ineffective assistance of counsel, and (6) a due process violation. The petition was verified but contained no factual allegations nor was an affidavit alleging facts attached.

The district court filed a notice of intent to dismiss the petition, explaining that Snider had not alleged any facts that would support any of his claims. Within the notice of intent to dismiss the petition, the district court denied Snider's motion for appointment of counsel. In response to the notice of intent to dismiss, Snider provided a letter from a county clerk in Whitman County, Washington, claiming the letter was new evidence that supported the claims in the petition. The letter stated that during the period of May to August 2011, Whitman County had no record of felony warrants for Snider.

The Whitman County letter, Snider argued, invalidated his May 2011 arrest because the officers could not have had knowledge of an active warrant when there was none on record. No other factual support for this claim or any other claim was provided. After considering the letter, the district court concluded that Snider had not factually supported his claims and consequently did not raise a genuine issue of material fact. The district court then dismissed the petition. Snider timely appeals to this Court.

## II.

## STANDARD OF REVIEW

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Grant v. State*, 156 Idaho 598, 603, 329 P.3d 380, 385 (Ct. App. 2014). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id.* The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *Id.*

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Grant*, 156 Idaho at 603, 329 P.3d at 385. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *Id.* Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Grant*, 156 Idaho at 603, 329 P.3d at 385.

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125

3

Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

## III.

## ANALYSIS

Snider argues the district court erred when it dismissed his petition for post-conviction relief. Although Snider made several claims, he provided no factual allegations to support his claims about: (1) newly discovered evidence, (2) his innocence, (3) a speedy trial right violation, (4) misconduct and illegal influence by law enforcement, or (5) a due process violation. The only claim for which Snider provided any factual support was his allegation of ineffective assistance of counsel, presumably for failing to investigate the letter from Whitman County and filing a motion to suppress evidence.[2]

The district court properly denied Snider's motion for appointment of counsel because without any factual support, his petition for post-conviction relief did not allege potentially viable claims. It is the petitioner's obligation to support his claims with the relevant factual basis or explain why he is unable to do so. I.C. § 19-4903. "A claim for post-conviction relief will be subject to summary dismissal pursuant to section 19-4906 of the Idaho Code (I.C.) if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof." *DeRushe v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)). As to all claims except the ineffective assistance of counsel claim, the district court determined that the petition failed to establish a genuine issue of material fact because Snider presented only "unsubstantiated claims of wrongdoing" for which there was no factual support. Because there were no facts alleged, there was no possibility of a valid claim, and thus, no reason to appoint counsel. For much the same reason, the district court's summary dismissal of these claims was proper as without any facts or evidence alleged in Snider's petition, Snider failed to establish a genuine issue of material fact.

As to the claim of ineffective assistance of counsel, although Snider provided the Whitman County letter in response to the district court's notice of intent to dismiss, that letter

---

[2] To the extent Snider claims his attorney rendered ineffective assistance of counsel for failing to call and cross examine witnesses, he fails to support that claim with any admissible evidence or factual support and he did not obtain leave to amend his petition to add that claim.

failed to establish a genuine issue of material fact.[3] The letter stated, in part: "There are no felony warrants during this time period [May to August 2011]." Snider argued the letter established there was no active warrant for his arrest and therefore, there was no probable cause for the stop. The district court correctly declined to accept Snider's factual and legal conclusion. Instead, the district court concluded that even if the letter had been admitted, it would not result in a successful motion to suppress. The district court read the language "no felony warrants during this time period" to mean that there were no warrants filed between May 1 through May 17, 2011. The district court found that the language did not preclude the possibility that a warrant filed prior to May 1 was in the system, or that there could have been a warrant from a county other than Whitman County. The district court further analyzed the issue and held that even if the officer made a mistake of fact concerning the warrant, it would not necessarily render the search or seizure unlawful. One reason the stop of the car and the subsequent search may not have been unlawful is because Snider's warrant was not the only basis upon which the vehicle could have been stopped or searched.

Moreover, because Snider failed to articulate a factual or legal basis upon which the evidence against him likely would have been suppressed, he has failed to show the motion to suppress would have been successful. The district court implicitly concluded there could be no deficient performance for failing to file a motion that would not be successful and consequently, Snider failed to establish either a potential viable claim or a genuine issue of material fact vis-à-vis the ineffective assistance of counsel claim. As such, there was no basis to appoint counsel for this claim and the summary dismissal of the claim was proper. The district court correctly dismissed the remainder of the claims for the reason articulated in its notice of intent to dismiss.

## IV.

## CONCLUSION

The district court's denial of Snider's motion for appointment of counsel was proper, as was its order summarily dismissing Snider's petition. The district court's order dismissing Snider's petition for post-conviction relief is affirmed.

Judge GUTIERREZ and Judge LORELLO **CONCUR**.

---

[3] Although Snider characterizes the letter as newly discovered evidence, it is not clear the letter would qualify as newly discovered evidence pursuant to *Whitely v. State*, 131 Idaho 323, 326, 955 P.2d 1102, 1105 (1998).